```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

Arthur O. Phaneuf

    v.                          Civil No. 12-cv-160-SM

NH Board of Registration of
Funeral Directors and Embalmers, et al

NOTICE OF RULING / ORDER

    Re: Document No. 7, Motion for Reconsideration

    Ruling: The motion for reconsideration is somewhat unclear. Rather than filing a motion for a temporary restraining order, Plaintiffs ask the court to reconsider its order dated April 26, 1012, and "construe" their earlier insufficient pleading as a motion for a TRO. But, the court's order made three basic points: 1) the earlier pleading did not clearly seek a TRO and the court did not construe the pleading as seeking such relief; 2) even if the pleading were to be construed as seeking a TRO, it failed to meet the plain requirements of Federal Rule of Civil Procedure 65(b), and so was denied without prejudice [to actually filing a compliant motion for a TRO] - for failing to comply with the Rule, and 3)

plaintiff should be prepared at an early stage of the litigation to address obvious legal abstention issues. Notwithstanding, Plaintiffs have not filed a distinct motion expressly seeking a TRO, and, while they seem to ask the court to construe their earlier pleading as a motion for a TRO at the end of their motion for reconsideration, they have still not complied with the plain requirements of Fed.R.Civ.P. 65(b), which governs the issuance of temporary injunctive relief.

So, again, to the extent plaintiffs are seeking relief in the nature of a TRO, the motion is again necessarily denied for failure to comply with Rule 65(b).  (Rule 65(b) requires, among other things, that the movant show, by affidavit or verified complaint, that irreparable injury, etc., will occur before the adverse party can be heard in opposition, and, to disclose what specific efforts movant's counsel has made ("certified in writing") to give notice to the adverse party, or the reasons why prior notice to the adverse party should not be required.  Nothing in the motion to reconsider satisfies those requirements.  To the contrary, the pleading suggests that the matter should not be heard on an ex parte basis. In their memorandum supporting the motion for reconsideration, the Plaintiffs seem to be requesting a preliminary injunction (as opposed to a TRO), but "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a).  The motion

for reconsideration (document no. 7) is denied

    So ordered.

                                                    */s/ Steven J. McAuliffe*
                                                  U.S. District Court Judge

Date: May 15, 2012


cc:  Frank B. Mesmer, Jr., Esq.
     James Spencer Culp, Esq.